**Raymond OLIVAREZ, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 04-86-00405-CR.**

Court of Appeals of Texas,
San Antonio.

Aug. 17, 1988.

Jacquelyn L. Snyder, San Antonio, for appellant.

Fred G. Rodriguez, Fernando Ramos, Jay Brandon, Criminal Dist. Attys., San Antonio, for appellee.

Before CADENA, C.J., and ESQUIVEL and DIAL, JJ.

OPINION

ESQUIVEL, Justice.

This is an appeal from a judgment of conviction in an aggravated robbery with a deadly weapon (habitual) case. We reverse.

A jury found appellant guilty of aggravated robbery with a deadly weapon as a habitual offender and sentenced him to 45 years' confinement.

 Appellant complains of the trial court's charge to the jury on the laws of parole pursuant to TEX.CODE CRIM. PROC. ANN. art. 37.07, § 4(a) (Vernon Supp.1988). Appellant correctly argues

that art. 37.07 is a violation of the separation of powers doctrine of TEX. CONST. art. II, § 1 and is unconstitutional. *See Rose v. State,* 752 S.W.2d 529 (Tex.Crim. App., 1988, on rehearing) (hereinafter *Rose II*). Appellant's failure to object to the instructions at trial did not waive the error. Therefore we must apply the harm analysis of TEX.R.APP.P. 81(b)(2) to determine whether the *trial court's charge applying* an unconstitutional statute is grounds for reversal. *Rose II, supra.* We hold that it is and sustain the point of error.

The trial court gave the following instructions to the jury:

Under the law applicable in this case, the defendant, if sentenced to a term of imprisonment, may earn time of [sic] the sentence imposed through the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignments, and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any good conduct time earned by the prisoner.

It is also possible that the length of time for which the defendant will be imprisoned might be reduced by the award of parole.

Under the law applicable to this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served plus any good conduct time earned equals one-third of the sentence imposed or 20 years, whichever is less. Eligibility for parole does not guarantee that parole will be granted.

It cannot be accurately predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.

You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.

Rule 81(b)(2) provides:

If the appellate record in a criminal case reveals error in the proceedings below, the appellate court shall reverse the judgment under review, unless the appellate court determines beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment.

Rule 81(b)(2) is progressive.

[F]irst, the appellate court must find from the record that an error exists. Second, if an error is discovered the appellate court is at that point obligated to reverse the judgment. Third, the necessity of reversing the judgment is obviated only if "the appellate court determines beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment." In other words, if the appellate court cannot make that determination beyond a reasonable doubt it is required to reverse the judgment.

*Mallory v. State,* 752 S.W.2d 566, 569–70, (Tex.Crim.App., 1988).

This Court can only affirm the instant case if we conclude beyond a reasonable doubt that the error in giving the statutory instruction on parole law made no contribution to the punishment.

Applying the rebuttable presumption that the jury followed the instructions of the trial judge, we presume that the jury did not consider the *extent* to which good conduct time may be awarded to or forfeited by Olivarez. Additionally, we presume that the jury did not consider the *manner* in which the parole law may be applied to Olivarez. However, we also presume that *the jury considered the existence of the parole law and good conduct time.* They were so instructed by the trial court.

When the jury assessed punishment, it was allowed to deliberate on the content of the first four paragraphs of the statutory parole law charge in making a decision as to the number of years it would assess as

punishment. *Rose v. State,* 752 S.W.2d 529, 535 (Tex.Crim.App., 1987) (hereinafter *Rose I*).

In *Rose II,* a curative instruction was given in addition to the statutory charge. *Id.* at 532. The trial court instructed the jury to totally disregard parole. *Id.* at 533. The judge flatly told the jury that parole was not their concern, in accordance with the law before the enactment of TEX. CODE CRIM.PROC. ANN. art. 37.07, § 4(a) (Vernon Supp.1988). *Id.* at 532.

In our case, no curative instruction was given. The jury was not commanded to completely disregard parole. The jurors were instructed that they may consider the explanation of parole law and good conduct time given to them by the trial court. *Rose I,* at 535. "[E]xperience teaches the likelihood they will is great." *Id.* at 536.

The curative instruction to totally disregard parole in *Rose II* was the prime reason for the Court's affirmance. The heinous facts of *Rose* and Rose's criminal record buttressed the presumption that the jury followed the curative instruction to totally disregard the erroneously given statutory instruction, since the facts and the criminal record militated in favor of a harsh sentence and contributed to the jury's assessment of punishment. *See Rose II,* at 532, 533. Based on the presumption that the jury totally disregarded parole, as supported by the facts and the criminal record, the Court in *Rose II* was able to determine beyond a reasonable doubt that the erroneous statutory instruction that was given made no contribution to the punishment. The Court of Criminal Appeals did not reason that because the facts and criminal record justified or supported a life sentence, the erroneously given instruction did not contribute to the punishment. Such reasoning would incorrectly apply Rule 81(b)(2). "The evil to be avoided is the consideration by the jury of parole in assessing punishment." *Rose I,* at 535 (quoting *Clark v. State,* 643 S.W.2d 723, 725 (Tex.Crim.App.1982)).

Some of the Texas Courts of Appeals have utilized such an incorrect analysis under Rule 81(b)(2). In *Baker v. State,* 752 S.W. 237 (Tex.App.—Fort Worth, 1988) (not yet reported), based on the severity of appellant's attack during an aggravated robbery, the Court concluded that the error in giving the statutory parole law instruction led to no harsher penalty than the jury might have otherwise assessed were the instruction not included. *Id.* at 239. Therefore, the Court incorrectly reasoned, beyond a reasonable doubt no harm came to appellant as a result of the instruction.

In *Lancaster v. State,* 754 S.W.2d 493 (Tex.App.—Dallas, 1988) (not yet reported), the Court relied on the facts and criminal record to conclude that there was ample evidence to support the jury's finding on punishment. *Id.* at 496. The improper analysis resulted in the Court's holding that the parole law charging error, beyond a reasonable doubt, made no contribution to the punishment.

The analyses undertaken in *Baker* and *Lancaster* are more appropriate in an *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim. App.1985), analysis of harm, where the appellant has the burden to show "egregious" or "some" harm, rather than in a Rule 81(b)(2) analysis, where the burden is placed on the State to demonstrate beyond a reasonable doubt that appellant suffered no harm.

In the case at bar, the facts, while reprehensible, are no more heinous than most cases of aggravated robbery with a deadly weapon, the range of punishment for which is from twenty-five (25) to ninety-nine (99) years as a habitual offender.

In the case before us, it is clear that the jury not only could have considered but most likely did consider appellant's criminal history. However, the contribution of appellant's criminal record to the forty-five year sentence does not establish beyond a reasonable doubt that the erroneously given instruction made no contribution to the punishment.

Based on the charge as a whole; the presumption, absent a curative instruction, that the jury considered the existence of parole and good conduct time as explained in the first four paragraphs of the pertinent instruction; and assessment of pun-

ishment at twenty years more than the minimum set by law, we cannot determine beyond a reasonable doubt that the error in giving the statutory instruction made no contribution to the punishment in this case. The point of error is sustained.

Appellant also complains of the court's failure to instruct the jury that the State has the burden of proof. Relevant portions of the court's charge are as follows:

> Now, if you find from the evidence beyond a reasonable doubt that on or about the 4th of January [elements of offense listed], then you will find the defendant guilty of aggravated robbery as charged in the indictment.
>
> Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will find the defendant not guilty.
>
> \* \* \* \* \* \*
>
> All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt.

Although it is proper to instruct the jury that the law places the burden of proof on the State, it is not reversible error to omit this specific instruction from the charge when the charge, read as a whole, adequately informs the jury on the issue of burden of proof. *Humphries v. State,* 163 Tex.Cr.R. 601, 295 S.W.2d 218, 220 (App. 1956); *Simpson v. State,* 709 S.W.2d 797, 799 (Tex.App.—Fort Worth 1986, pet. ref'd). The portions of the charge set out above are sufficient instructions on the burden of proof.

The judgment of the trial court is reversed and the cause is remanded. *See* TEX.CODE CRIM.PROC. ANN. art. 44.-29(b) (Vernon Supp.1988).