**Guadalupe GARAY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04-87-00635-CR.**

Court of Appeals of Texas,
San Antonio.

Aug. 17, 1988.

Jody Tullos, San Antonio, for appellant.

Fred G. Rodriguez, Dick Ryman, Mark Luitjen, Barbara Hervey, Criminal Dist. Attys., San Antonio, for appellee.

## OPINION

Before ESQUIVEL, CANTU and DIAL, JJ.

DIAL, Justice.

The appellant was found guilty in a jury trial for the offense of robbery with a deadly weapon as a repeater. The jury found the enhancement allegation to be true and assessed punishment at confinement in the Texas Department of Correction for a term of 70 years.

The contention in point of error one does not comport with the objection made at trial and is therefore not preserved. *Goodman v. State*, 701 S.W.2d 850, 864 (Tex. Crim.App.1985). The jury argument of the prosecutor, complained of in point of error two, should have been preserved by a timely, specific objection. TEX.R.APP.P. 52(a). Both points are overruled.

The third point of error alleges that the trial court erred in overruling appellant's objection to the inclusion of the instruction concerning the award of good conduct time as it relates to the possibility of parole. The charge to the jury during the punishment phase of the trial included the instructions mandated by TEX.CODE CRIM. PROC.ANN. art. 37.07, § 4(a) which was found to be unconstitutional as a violation of the separation of powers and the due course of law provisions of the Texas Constitution. *Rose v. State*, 752 S.W.2d 529 (Tex.Crim.App.1988, on rehearing). Unlike *Rose*, the trial judge here did not add the negating "weasel words" that told the jurors how long the defendant would be required to serve was not their concern.

Therefore, the harm analysis codified in TEX.R.APP.P. 81(b)(2) is applicable to the error in this case.

In view of the fact that the possible punishment the appellant could have received was confinement in the Texas Department of Correction for life or any term of not more than 99 years or less than 15 years, TEX.PENAL CODE ANN. § 12.42(c), and he received the near maximum of 70 years, we cannot say beyond a reasonable doubt that the error made no contribution to the punishment, regardless how serious the offense may have been.

The point of error is sustained. The judgment of conviction is reversed, and the cause is remanded to the trial court for a new trial consistent with the provisions of TEX.CODE CRIM.PROC.ANN. art. 44.-29(b) (Vernon Supp.1988).