Wayne Martin **PURCELLA**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 04–87–00577–CR.

Court of Appeals of Texas, San Antonio.

Dec. 7, 1988.

Preston Douglas, Kerrville, Elton V. Amburn, Jr., Ingram, for appellant.

Ronald L. Sutton, Dist. Atty., Junction, for appellee.

Before ESQUIVEL, BUTTS, and CHAPA, JJ.

## OPINION

CHAPA, Justice.

Appellant Wayne Martin Purcella appeals a jury sentence following a conviction for the offense of burglary of a habitation with the intent to commit aggravated assault. Following a plea of guilty, the jury assessed punishment at fifteen years' and one day confinement.

In the judgment, the trial court decreed that a deadly weapon was used in the assault. The State, however, has conceded that the judgment should be reformed to delete the affirmative finding of a deadly weapon because it was incorrectly entered.

The judgment is ordered so reformed and is affirmed.

The only issue before us is whether the erroneous charge to the jury of the laws relating to parole, as provided by TEX. CODE CRIM.PROC.ANN. art. 37.07, § 4(a), together with the argument of the prosecutor on the same subject amounted to reversible error.

During the voir dire, the records reflect the following exchange between a juror and the prosecutor:

JUROR: Isn't it a fact that in the State of Texas after seven years you're eligible for parole?

MR. SUTTON: No, the Board of pardons and Paroles works in a manner that it changes from time to time, as we all know, and a person has obtain so many years credit before they are eligible for parole, depending upon the facts and circumstances of the case as to how much time they must serve. There are several different guidelines but there is no arbitrary seven, no. I would ask that this—that the jury that is selected not get back there in the jury room and say, well, a person is going to be eligible for parole in a certain period of time so we want to give him a sufficient length of time to cover that period of parole, don't even think about that, please.

In opening argument, at the punishment phase, the record reflects the following by the prosecutor:

Now, the Court, in its charge, discusses with you the Texas law on parole, and let me explain that just a little bit because the way it has to be treated is like a shell game, now you see it and now you don't. The Court tells you that Texas has such parole system whereby if a person is sentenced to a term of confinement, his actual time served may be dependent upon several factors, and that's his good conduct time and first one thing and another. Now this paragraph that states that says, under the law applicable in this case, if the Defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served, plus any good conduct time equals one-third of the sentence imposed or 20 years, whichever is less. Now, for an illustration, let's assume that a person is sentenced to a term of confinement in the Texas Department of Corrections for a term of 15 years. Under the parole law, he has to get credit for one-third of that, which is five years. Okay. Now, in getting credit for five years, it's day for day served, plus any good conduct time. So if you get two for one, then you discharge a 15 years sentence in two and a half years. If it's three for one, it's a year and something. If it's five for one, it's one year on a 15 year sentence. Now if a person is sentenced to a term of 60 years in the Texas Department of Corrections under the same figures, he'd have to get credit for one-third of 60 which is what, 20, and then it's actual time served plus any good conduct time, so it drops off rather rapidly. Now that I have told you that, forget it, because if you get back there in the jury room and say, well, we want to assess and sentence for a sufficient

length of time that he would serve this many years, we're going to end up doing this thing all over again, you cannot do that. Just consider the sentence as if he were going to serve it day for day, that's what you're going to have to do.

The court's charge contained the following:

It is also possible that the length of time for which the defendant will be imprisoned might be reduced by the award of parole.

Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served plus any good conduct time earned equals one-third of the sentence imposed or 20 years, whichever is less. Eligibility for parole does not guarantee that parole will be granted.

It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.

You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.

■ TEX.CODE CRIM.PROC.ANN. art. 37.07, § 4(a) has been declared unconstitutional. The appellant was therefore relieved of the obligation of objecting at trial to that portion of the charge which contained the unconstitutional parole law instruction, and the harm analysis codified in TEX.R.APP.P. 81(b)(2) is applicable to this case. *Rose v. State,* 752 S.W.2d 529 (Tex. Crim.App.1987).

TEX.R.APP.P. 81(b)(2) provides:

If the appellate record in a criminal case reveals error in the proceedings below, the appellate court shall reverse the judgment under review unless the appellate court determines beyond a reason-

able doubt that the error made on contribution to the conviction or to the punishment.

■ We generally presume, although the presumption is rebuttable, that a jury follows the instructions given by the trial judge, in the manner presented. *Cobarrubio v. State,* 675 S.W.2d 749, 752 (Tex.Crim. App.1983). *See also,* in the context of instructions to disregard. *Nichols v. State,* 754 S.W.2d 185 (Tex.Crim.App.1988); *Rose v. State, supra* at 554; *Gardner v. State,* 730 S.W.2d 675, 696 (Tex.Crim.App.), *cert. denied,* —— U.S. ——, 108 S.Ct. 248, 98 L.Ed.2d 206 (1987).

In *McKay v. State,* 707 S.W.2d 23 (Tex. Crim.App.1985) (en banc), the Texas Court of Criminal Appeals held that a prosecutor's improper comments about the parole laws to the jury were not reversible error, even when a proper objection was made and overruled by the court. The Court stated:

Not every improper argument made during final remarks to the jury, however, requires reversal of the case. In order to constitute reversible error, the argument must be examined in light of the entire record and must be extreme or manifestly improper, violative of a mandatory statute or inject new facts harmful to the accused into the trial proceeding. *Franklin v. State,* 693 S.W.2d 420, 425 (Tex.Crim.App.1985) and cases cited therein.

*McKay v. State, supra* at 38.

Ordinarily, any injury from improper jury argument is obviated when the court instructs the jury to disregard, unless the remark is so inflammatory that its prejudicial effect cannot reasonably be removed by such an admonishment. *Brown v. State,* 692 S.W.2d 497, 502 (Tex.Crim.App.1985).

*McKay v. State, supra* at 37.

Initially we note that appellant failed to object to the prosecutor's comments. It is clear that appellant has now been relieved of the obligation of objecting at the trial to the unconstitutional parole law instructions in the charge in order to preserve error.

*Rose v. State, supra* at 553. However, it is unclear that the appellant has likewise been relieved of the obligation of objecting at trial to the improper comments of the prosecutor as to the parole laws. Since any injury caused by such comments, are usually cured by a proper instruction, the trial court here failed to cure any harm with an appropriate instruction due to appellant's failure to object. In its instruction, the court could have appropriately emphasized to the jury not to apply the parole instruction to the appellant. However, we will nevertheless consider whether the prosecutor's comments and the unconstitutional instruction constituted reversible error in light of Rule 81(b)(2).

The evidence presented to the jury revealed that:

1) appellant, who had been drinking, broke into the home of the complainant, appellant's former wife;

2) appellant put a loaded gun to complainant's head and told her he was going to blow her head off;

3) appellant fired the gun and missed the complainant when she pushed the gun from her head;

4) appellant again put the loaded gun to complainant's head and told her he was going to blow her head off;

5) appellant again fired and struck the complainant in the abdomen when the complainant pushed the gun away from her head;

6) appellant surrendered the gun to the wounded complainant, who threw the gun under the truck to prevent access to appellant;

7) the wounded complainant attempted to call for help which caused an irritated appellant to demand his gun back;

8) when the wounded complainant refused to disclose where the gun was, appellant told the complainant he was going to go back to the truck, get another gun, and do it right this time by blowing her head off;

9) the wounded complainant crawled under the house to hide from appellant, who returned to the house looking for her and screamed that he was going to kill her;

10) the police came, disarmed the appellant, and obtained medical attention for the wounded complainant;

11) the complainant suffered anguish and pain and incurred $40,000 in medical and hospital expenses as a result of the wounds inflicted by appellant; and

12) appellant was violent towards the complainant on three other occasions in the past which required medical treatment and involved threats to kill her, after which the appellant always said he was sorry.

The punishment for the crime for which appellant pled guilty ranges from confinement of not less than 5 years nor more than 99 years or life, plus a fine of not more than $10,000. The jury assessed appellant's punishment at 15 years and one day confinement.

In *Rose v. State*, the trial court included an additional curative instruction to the statutory charge which more specifically instructed the jury that the amount of the sentence imposed that would be actually served by the defendant was within the exclusive jurisdiction of the Board of Pardons and Parole and the Governor. However, aside from this additional instruction, the case before us is similar to *Rose*, in which the Texas Court of Criminal Appeals found the parole law instruction beyond a reasonable doubt made no contribution to the punishment. In doing so, the Court stated:

> The presumption that the jury followed the trial judge's final instruction to totally disregard parole, coupled with the particularly heinous facts of this case and appellant's prior criminal record, lead us to the conclusion that the statutory parole instruction did not affect appellant's sentence.

*Rose v. State, supra* at 554.

■ Although the same additional curative instruction found in *Rose v. State* was not given by the trial court here, the court's last word on the subject was for the jury not to consider the application of the parole law to the appellant. The presump-

tion that the jury followed the trial court's instructions not to consider the application of the parole law to the appellant, the prosecutor's clear admonishment to the jury to ignore the application of the parole law completely in assessing appellant's sentence or "we're going to end up doing this thing all over again," plus the brutal facts of this case, together with the past violent assaults of appellant upon complainant, convinces us that the errors complained of did not affect the sentence. We find beyond a reasonable doubt that the errors made no contribution to the punishment assessed. TEX.R.APP.P. 81(b)(2).

The judgment is reformed to delete the trial court's finding that a deadly weapon was used. As reformed, the judgment is affirmed.

ESQUIVEL, Justice, dissenting.

I respectfully dissent to the disposition of appellant's point of error concerning the parole law charge.

The issue is whether this Court determines beyond a reasonable doubt that the erroneously given parole law instruction made no contribution to the punishment. *Rose v. State*, 752 S.W.2d 529 (Tex.Crim. App.1988); TEX.R.APP.P. 81(b)(2).

The trial court did not give a curative instruction to totally disregard parole, found to be "particularly significant" in *Rose. Id.* at 554; *see Olivarez v. State*, 756 S.W.2d 113, 115 (Tex.App.—San Antonio 1988, no pet.); *Garay v. State*, 755 S.W.2d 956 (Tex.App.—San Antonio 1988, no pet.).

Based on the presumption that the jury considered the existence of parole and good conduct time as explained to them in the first four paragraphs of the pertinent instruction (*see Olivarez, supra* at 114–115) and assessment of punishment at ten years and one day more than the minimum authorized by law (*see Olivarez, supra* at 115–116; *Garay*), I cannot determine beyond a reasonable doubt that the error made no contribution to the punishment, regardless of how serious the offense may have been (*see Olivarez, supra* at 115; *Garay*) or

appellant's past violent action (*see Olivarez, supra* at 115).

I would sustain the point of error and reverse and remand.