**Jeffery Wayne WHEATLY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–87–00878–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 15, 1988.

Wilford Anderson, Houston, for appellant.

John B. Holmes, Dist. Atty. Harris County, Roe Morris, Asst. Dist. Atty. Harris County, for appellee.

Before EVANS, C.J., and LEVY and COHEN, JJ.

## OPINION

COHEN, Justice.

Appellant pleaded guilty before a jury to aggravated robbery, and the jury assessed punishment at 30 years imprisonment.

On October 31, 1986, appellant and a 14-year-old male referred to as 'James' entered Guaranty Federal Savings carrying guns and robbed the bank of $24,000. Two witnesses testified that appellant pointed his gun at those present and threatened to shoot a teller. Appellant testified that he did not fire the shots, and that they were fired by 'James' after appellant had left the bank. He further testified that he and 'James' were intoxicated on cocaine and formaldehyde at the time of the robbery, and that he did not know that 'James' was only 14 years old. Appellant, a customer of the bank, was identified by a teller, and was later arrested carrying some of the stolen money.

Appellant had no prior felony convictions. He had served two days in jail in 1985 for a misdemeanor possession of marijuana conviction.

In his first point of error, appellant argues that the prosecutor twice argued improperly to the jury. In the first instance, the prosecutor stated:

But look at his attitude on the stand. Total disrespect of the victims' lives.

When you confront the defendant it's not going to be in courtroom with an armed bailiff sitting here the whole time. . . .

Appellant objected to this comment as being inflammatory. The objection was overruled. Appellant now contends on appeal that this was an improper request for jurors to place themselves in the shoes of the victims when deciding his punishment.

The reference to appellant's demeanor when testifying was both a reasonable deduction from the evidence and a summation of evidence. As to the second argument, the "inflammatory" objection was general and does not comport with the argument made on appeal. Moreover, a similar argument was approved in *Martinez v. State*, 715 S.W.2d 725 (Tex.App.—Houston [14th Dist.] 1986, pet. ref'd). No error is shown.

Appellant also argues that a second instance of improper jury argument requires reversal. The prosecutor stated in his closing argument:

In assessing punishment that fits the crime, you're free to look at the Charge, specifically page three. Under the law applicable in this case if the defendant is sentenced to a term of imprisonment he'll not become eligible for parole until actual time served equals one-third of the sentence imposed or 20 years, whichever is less. You're free to read that along with everything else in the Charge. Will

not become eligible for parole until actual time served equals one third of the sentence imposed or 20 years, whichever is less. Look at it as well as the rest of the charge.

Appellant did not object to this argument at trial, but now contends that the argument asks the jury to base its punishment on the "one-third rule" and thus, is reversible error. We will consider this contention along with point of error two.

In point of error two, appellant argues that the trial court erred in overruling his objection to the charge on punishment that contained the parole instruction required by Tex.Code Crim.P.Ann. art. 37.07, sec. 4(a) (Vernon Supp.1988). The statute was held unconstitutional in *Rose v. State,* 752 S.W.2d 529 (Tex.Crim.App.1988). We must decide whether applying the statute to appellant was harmless. *Id.* at 553. The standard is Tex.R.App.P. 81(b)(2), which provides:

> If the appellate record in a criminal case reveals error in the proceedings below, the appellate court shall reverse the judgment under review, unless the appellate court determines beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment.

*Rose* at 553; *Haynie v. State,* 751 S.W.2d 878, 879 (Tex.Crim.App.1988).

Here, as in *Rose,* the court gave the following curative instruction:

> You are not to discuss among yourselves how long the accused would be required to serve the sentence that you impose. Such matters come within the exclusive jurisdiction of the Board of Pardons and Paroles and the Governor of the State of Texas, and are of no concern of yours.

The general presumption is that a jury follows such an instruction. *Rose* at 554. In *Rose,* the court found that, given the curative instruction, the heinous facts and the defendant's criminal record, the parole instruction made no contribution to the punishment assessed. *Id.* at 554–555.

*Rose* involved an aggravated robbery with a gun where the defendant bound the victim, and later, when officers attempted to arrest Rose, a co-defendant, acting on Rose's orders, shot a police officer. In the resulting confusion, Rose escaped in a police car and was apprehended only after a high speed chase. Rose, who was 39 years old, had five prior felony convictions, including two for robbery, one for burglary, and one for forgery, and had been sentenced to three prior prison terms, including one of 25 years. 752 S.W.2d at 539, 541. Additionally, the prosecutors in *Rose* did not specifically mention parole in their final arguments, but asked for a life sentence on the basis of the facts and the prior convictions. *Id.*

Rose's conduct and prior record were more reprehensible than appellant's. Appellant was 20 years old, pled guilty, had no prior felony convictions, and had no misdemeanor convictions for crimes of violence or moral turpitude. Moreover, in the instant case, there was not only an unconstitutional jury charge, but also jury argument that emphasized the unconstitutional portion of the charge. *See Austin v. State,* 748 S.W.2d 546, 548 (Tex.App.—Beaumont 1988, pet. ref'd); *Olivarez v. State,* 756 S.W.2d 113 (Tex.App.—San Antonio 1988, no pet.).

Given these facts, we cannot find beyond a reasonable doubt that the error did not contribute to the punishment assessed. Tex.R.App.P. 81(b)(2).

Points of error one and two are sustained.

The part of the judgment assessing punishment is reversed, and the cause remanded for a new hearing on the issue of punishment only. Tex.Code Crim.P.Ann. art. 44.29(b) (Vernon Supp.1988).