**Ricardo DIAZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–86–00037–CR.**

Court of Appeals of Texas,
San Antonio.

March 29, 1989.

Oscar J. Pena, Jr., Pena, Pena, & Pena, Laredo, for appellant.

Anna L. Cavazos, Asst. Crim. Dist. Atty., Laredo, for appellee.

## OPINION

Before BUTTS, BIERY and CARR, JJ.

---

BUTTS, Justice.

The question in this case on remand concerns TEX.CODE CRIM.PROC. ANN. art. 37.07, § 4(a) (Vernon Supp.1989), the parole law jury instruction declared unconstitutional in *Rose v. State,* 752 S.W.2d 529 (Tex.Crim.App.1988). Since the statute has been determined to be unconstitutional and therefore void *ab initio,* an objection to the submission of the instruction is not required to consider error on appeal. The *Rose* decision pronounced the statute unconstitutional in two respects: denial of due process and violation of the separation of powers doctrine. The Court of Criminal Appeals dictated the standard of review which must be applied in assessing harm resulting from the error in a particular case. 752 S.W.2d at 553. That standard is found in TEX.R.APP.P. 81(b)(2):

> If the appellate record in a criminal case reveals error in the proceedings below, the appellate court shall reverse the judgment under review, unless the appellate court determines beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment.

Appellant was convicted of murder, a first degree felony. The circumstances involved a confrontation at a bar between two members of one family (the deceased and his brother) and several members of another (including the appellant). The facts are fully set out in *Diaz v. State,* 722 S.W.2d 482 (Tex.App.—San Antonio 1986, pet. granted). The evidence was undisputed that appellant shot and killed the deceased and wounded his brother. The body of the deceased was located by a fence away from the building, and the wounds were in his back. The brother testified that the deceased was running away at the time.

Some factors to be considered to determine whether the error was harmless pursuant to the mandated standard are: whether curative instructions were given to the jury, whether the facts of the case militate in favor of the sentence imposed, and whether the appellant has a criminal record. Another factor to consider, if present in the case, is possible inflammatory jury argument regarding the statute, or, on the other hand, the defense's argument concerning parole. *See Rose v. State,* 752 S.W.2d at 554–55.

In the present case the appellant had no previous felony conviction and a jury charge on probation was given. Appellant, as well as others, testified to the events surrounding the crime. At the guilt/innocence phase the trial court submitted jury charges on self defense and defense of a third person. The prosecutor, in jury argument at the punishment phase, asked that the jury assess punishment at 60 years' imprisonment. Punishment was assessed at 40 years' imprisonment but no fine.

The range within which the jury could set punishment was imprisonment for life or for any term of not more than 99 years nor less than 5 years and a fine not to exceed $10,000.00. Appellant stated from the witness stand that he was not asking for probation even though his motion for probation had been filed and, subsequently, a jury charge on probation was submitted. The curative instructions as to parole laws given to the jury were:

> It cannot accurately be predicted how the parole law and good conduct time might be applied to this Defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.
> You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular Defendant. You are not to consider the manner in which the parole law may be applied to this particular Defendant.

During jury argument the defense stated:

> Now, the Court has told—and I'm telling you again—that you may take into consideration all of the facts that were shown by the evidence. You may consider the circumstances under which this killing took place. And I'll remind you also that he's not being tried at this time

for the shooting of Jaime Martinez. You're not to concern yourselves with that. You are not to punish him for that. He's only being tried for the death of Eduardo Martinez. So, please don't think that "well, there were two people involved, we're going to double the punishment," because that's not the way it works. We might have another trial somewhere down the line on the other one.

Please don't be mislead (sic) also by the fact that there's such a thing as Parole Laws here in the State of Texas. Parole means that sometimes people get out earlier than they should, but don't figure that "well, we want him to serve, say, five years, so we're going to give him fifteen, because he may get out in one third of the time," because there's no certainty that that will happen.

It's true that after so many years a person becomes eligible for parole, but being eligible does not mean that you will get it, and the Court so explains in the Charge. So, don't be thinking, "well, let's triple his punishment, so that way he'll serve one third of the time." There's a good chance that he might serve all of the time that you assess.

Eligibility does not mean that he's going to get it. If I go out and buy a lottery ticket, I'd become eligible to win the lottery, it doesn't mean that I'm going to win it. Just consider all of the evidence that was presented, bearing in mind like he put it, "Well, what else could I do. Was I supposed to let him go ahead and kill my relatives?" What else could he do? It was not a shooting of a defenseless individual. It was not a killing of a child. It was not a killing in a robbery. It was a fight, that's what happened. It's unfortunate that it happened, but what can I say except that I'm sorry it happened, and to please consider all of the facts and circumstances.

The prosecution responded, in part:

MS. CAVAZOS: Your job is only half done. You have decided, and rightly so, that this man committed murder on May 21st, 1985 (sic), and he did. And he knows that. And that's why he doesn't asks (sic) you for probation. He knows he did wrong. We all know he did wrong.

\* \* \* \* \* \*

And he tells you not to consider, you know, and multiply the numbers and all this other stuff. Well, I ask you not to do that either. I ask you to give him what he deserves.

\* \* \* \* \* \*

When we consider the cautionary instructions, which we must presume the jury followed, the admonition by defense counsel to consider only the facts of the case and not be misled by the parole laws and further cautionary remarks by both the defense and prosecution regarding the parole laws, the overwhelming proof of the guilt of appellant, and the possible range of punishment, with fewer years of imprisonment assessed than asked for by the prosecution, we conclude that the statutory parole law instruction did not affect appellant's sentence. We therefore find beyond a reasonable doubt that the error in the trial court's instruction to the jury on the parole law did not contribute to the punishment in this case.

The judgment is affirmed.

CARR, Justice dissenting.

I respectfully dissent.

The question before this Court is whether we can determine beyond a reasonable doubt that the error in giving an unconstitutional instruction concerning parole and good conduct time made no contribution to the punishment. Unless we can do so, we must reverse and remand. TEX.R.APP.P. 81(b)(2) [1].

1. Neither the State nor appellant has filed a supplemental brief arguing harmless error under rule 81(b)(2). This Court has not ordered that supplemental briefs be filed. Appellant has filed "Appellant's Motion Requesting that Case be Remanded to Trial Court for New Trial." Appellant argues in his motion that on remand from the Court of Criminal Appeals, the State is required to prove beyond a reasonable doubt that the parole instruction made no contribu-

The Court of Criminal Appeals has recently traced and discussed the harmless error rule. *Mallory v. State,* 752 S.W.2d 566, 569 (Tex.Crim.App.1988). The Court stated that the rule has been expressed in several ways by courts, but that Texas courts must now determine harmless error under rule 81(b)(2). The Court has further observed that rule 81(b)(2) is the codified progeny of the *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) harmless error analysis. *Bennett v. State,* 766 S.W.2d 227, 229 n. 7 (Tex.Crim. App.1989) (opinion on remand).

To paraphrase the United States Supreme Court, it is not an appellate court's function to determine punishment. Nor is it to speculate upon probable reassessment of punishment and decide according to how speculation comes out. The question is not was the jury right in their assessment of punishment, regardless of the error or its effect upon the jury. It is rather what effect the error had or reasonably may be taken to have had upon the jury's decision. The crucial thing is the impact of the thing done wrong on the minds of other men and women, not on one's own, in the total setting. *Kotteakos v. United States,* 328 U.S. 750, 763–64, 66 S.Ct. 1239, 1247, 90 L.Ed. 1557, 1566 (1946).

Turning to the instant case, the majority concludes beyond a reasonable doubt that the erroneously given instruction made no contribution to the 40 year punishment because:

(1) the court gave "curative" instructions, which the jury presumably followed;

(2) of the admonitions and cautionary remarks by defense counsel and the prosecutor;

(3) of the overwhelming proof of appellant's guilt; and

(4) of the possible range of punishment, with fewer years assessed than asked for by the prosecution.

tion to the conviction or punishment, and that the State has taken no action whatsoever to meet their burden in this regard. Appellant

## "CURATIVE" INSTRUCTIONS

The trial court instructed the jury on parole and good conduct time as follows:

Under the law applicable in this case, the Defendant, if sentenced to a term of imprisonment, may earn time off the sentence imposed through the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignment, and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any good conduct time earned by the prisoner.

It is also possible that the length of time for which the Defendant will be imprisoned might be reduced by the award of parole.

Under the law applicable in this case, if the Defendant is sentenced to a term of imprisonment he will not become eligible for parole until the actual time served equals one-third of the sentence imposed or 20 years, whichever is less, without consideration of any good conduct time he may earn. If the Defendant is sentenced to a term of less than six years, he must serve at least two years before he is eligible for parole. Eligibility for parole does not guarantee that parole will be granted.

It cannot accurately be predicted how the parole law and good conduct time might be applied to this Defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.

You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular Defendant. You are not to consider the manner in which the parole law may be applied to this particular Defendant.

moved this Court to remand his case for new trial.

The instruction given was the same as that required by TEX.CODE CRIM.PROC. ANN. art. 37.07, § 4(a) (Vernon Supp.1989). The Court of Criminal Appeals has determined that the statute violates the separation of powers and due course of law provisions of the Texas Constitution. *Rose v. State,* 752 S.W.2d 529 (Tex.Cr.App.1988) (opinion on rehearing).

The majority states that a "curative" instruction was given. However, the majority does not explain how the instruction is curative.[2]

This Court has previously held that the statutory instruction alone is not curative. *Olivarez v. State,* 756 S.W.2d 113, 114–15 (Tex.App.—San Antonio 1988, no pet.). On the contrary, in *Olivarez* we held that the statutory instruction results in the presumption that the jury did consider the *existence* of parole and good conduct time as explained to them in the charge. *Id.* The majority in the case at hand does not refer to *Olivarez.* The holding in *Olivarez* has not been overruled by this Court *en banc,* nor has it been declared incorrect by the Court of Criminal Appeals. I would follow our previous holding in *Olivarez* that the statutory instruction is not curative and results in the presumption that the jury considered parole and good conduct time in deliberating on the sentence.

## "OVERWHELMING" PROOF OF GUILT

The majority further relies on the overwhelming proof of appellant's guilt. Overwhelming proof of guilt does not rebut the presumption that the jury considered the existence of parole and good conduct time.

The jury was instructed in the punishment phase to consider all the facts shown by the evidence admitted before you in the full trial of this case and the law as submitted to you in this charge." If a jury considers "A" (evidence of guilt) and "B" (existence of parole and good conduct time) in assessing punishment, and "A" is overwhelming, that does not show beyond a reasonable doubt that "B" made *no* contribution to the punishment.

## ARGUMENT BY PROSECUTION AND DEFENSE

The argument by defense counsel did not admonish the jury to completely disregard the existence of parole. The argument put forth by defense counsel, "Parole means that sometimes people get out earlier than they should ..." and "There's a good chance that he might serve all of the time you assess," would not exactly encourage the jury to forget about parole and good conduct time.

Furthermore, even if the prosecution and defense counsel had admonished the jury not to consider the existence of parole and good conduct time, I would be hard-pressed to presume that the jury would obey counsel's admonishment to disregard something the trial court told them they could consider.

## POSSIBLE RANGE OF PUNISHMENT

The majority considered the possible range of punishment, noting that the jury assessed fewer years of imprisonment than asked for by the prosecution. The sentence was still thirty-five years above the minimum. Certainly, if a defendant receives probation or is assessed the minimum sentence, then the parole law and good conduct time instruction made no contribution to the punishment. The problem develops when a defendant is sentenced substantially above the minimum.

Under the facts of this case, the forty year sentence assessed is not unusual, but that is not the question presented here. The question is whether or not we can say that the error made no contribution beyond a reasonable doubt given the number of years assessed by the jury. *See Clemons v. State,* 605 S.W.2d 567, 572 (Tex.Crim. App. [Panel Op.] 1980). In *Irving v. State,* 573 S.W.2d 5 (Tex.Crim.App. [Panel Op.] 1978), the Court of Criminal Appeals had to

---

2. The instruction provided to the jury in the present case did not contain an additional instruction of the type that the Court of Criminal Appeals held was curative in *Rose v. State, su-* *pra.* In *Rose,* the trial court told the jury to totally disregard parole and that parole was not the jury's concern. *Id.* at 554.

determine whether the improper argument by the prosecutor in the punishment phase, asking the jury to rely on the prosecutor's expertise in these matters by assessing forty-five years imprisonment, was so harmful as to require reversal. The State argued that since the prosecutor asked for forty-five years and the jury assessed twenty years, the argument had no adverse effect on the minds of the jury and no harm was shown. The Court rejected the argument on appeal, stating, "To accept this argument would be to lose sight of the fact that the Legislature has fixed the minimum punishment for this offense at five years." *Id.* at 6.

Based on the presumption that the jury considered the existence of parole law, and the forty year sentence, I would hold that the State has not shown beyond a reasonable doubt that the unconstitutional parole law instruction made no contribution to this punishment. This case should be reversed and remanded for new trial consistent with TEX.CODE CRIM.PROC. ANN. art. 44.29 (Vernon Supp.1989). *See Ex parte Klasing,* 738 S.W.2d 648, 650–51 (Tex.Crim.App. 1987).