Enrique **BUGARIN**, a/k/a Rodolfo Trujillo, a/k/a Ramon Sanchez, **Appellant**,

v.

The **STATE** of Texas, **Appellee**.

No. 08–87–00296–CR.

Court of Appeals of Texas, El Paso.

Sept. 6, 1989.

David C. Guaderrama, El Paso County Public Defender, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. of El Paso County, El Paso, for appellee.

Before OSBORN, C.J., and
WOODARD and KOEHLER, JJ.

OPINION

WOODARD, Justice.

This is an appeal from a conviction for burglary of a vehicle. The jury assessed punishment, enhanced by two prior felony convictions, at fifty years' imprisonment. We affirm.

The sole point of error asserts the improper delivery of a parole instruction under Tex.Code Crim.Pro.Ann. art. 37.07, sec. 4 (Vernon Supp.1989). *Rose v. State*, 752 S.W.2d 529 (Tex.Crim.App.1988). Judge Campbell's opinion on rehearing in *Rose* predicates a determination of reversible error upon an analysis of the verdict and the record under Tex.R.App.P. 81(b)(2), identifying three primary criteria for assessing the absence of harm from the erroneous instruction: the prohibitive instructions contained in the charge concerning consideration of the effect of parole on the sentence to be assessed, the nature of the offense committed in the instant case, and any prior criminal record of the defendant made known to the jury. As may be seen in *Rose* itself, the presence of all three factors may even preclude reversal when a maximum sentence is imposed.

In the case before us, the instructions contained the prohibition set out in Article 37.07, sec. 4, but not the second instruction which was highlighted in *Rose*. We see no reason to fail to afford the one instruction the same traditional presumption of jury adherence which Judge Campbell applied to the second instruction in *Rose*, particularly in the absence of new trial evidence of jury misconduct in this regard. In fact, it may be argued that the statutory instruction affords greater protection to a defendant than the second instruction in *Rose*. The latter merely prohibits discussion, i.e. group consideration, of possible parole consequences. The statutory instruction is broader to scope of prohibition, precluding not only discussion but silent, individual effort to incorporate parole considerations into the verdict process.

Appellant is correct in asserting that the instant offense, burglary of a vehicle, is not as heinous as the misconduct in *Rose*. It is apparent from the record, however, that this charge in fact arose out of a forestalled offense of theft of the vehicle itself, a 1986 Toyota truck. Furthermore, during the pursuit and apprehension by the owner, Appellant attempted physical violent resistance, a matter clearly leaning toward aggravation. Of even greater significance is the fact that the conviction was enhanced by two prior felony convictions, raising the punishment ante to imprisonment for twenty-five years. Thus, we are primarily concerned with the additional twenty-five years assessed. Could it be that this additional increment of punishment was strictly attributable to the evidence of Appellant's eight additional prior felonies (not including the enhancement convictions) and two prior misdemeanor convictions? Unquestionably! The offenses span the last twenty years of Appellant's thirty-nine-year-life—his entire adulthood. They include one felony assault, six burglaries, one felony theft, two unauthorized uses of motor vehicles, one misdemeanor theft and one criminal trespass. All resulted in periods of incarceration, clearly reflecting the slim rehabilitative prospects in the present case. Enough is enough! In fact, it is somewhat surprising that one who is apparently so fond of incarceration would even complain about the sentence imposed in this case.

We find that Appellant's criminal record is far more substantial than that of the defendant in *Rose*. While the second prohibitive instruction was not given, the first statutory instruction was, and the presumption that it was followed is unrebutted by this record. The instant offense was not heinous in the sense of the violence depicted in *Rose*, but it also reflected a level of misconduct beyond the bare statutory elements of the offense. The record does reflect a willingness to resort to physical force to avoid apprehension, and certainly provides an incarnate definition of recidivism. Of course, Appellant received a fifty-year sentence as opposed to the life sentence to which he was subject, and

which was in fact assessed in *Rose*. We conclude that, under the standard ultimately set out in *Rose*, this record does not reflect reversible error. Point of Error No. One is overruled.

The judgment is hereby affirmed.